ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JUAN E. VERDEJO RIVERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00347 | *Recurso de Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: 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<br><br>Sobre:<br>Querella Disciplinaria |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece en escrito de Revisión Judicial, el *señor* Juan Verdejo Rivera ["Verdejo Rivera" o recurrente], por derecho propio y en forma *pauperis*, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación en la Institución Ponce Principal. En su escrito nos solicita que revisemos la *Resolución* que emitió la Oficial Examinadora de Vistas Disciplinarias del Departamento de Corrección y Rehabilitación el 19 de febrero de 2026. Mediante esta se le encontró incurso en cometer acto prohibido del Código 139 del *Reglamento para establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento número 9221 del 8 de octubre de 2020 (Reglamento Disciplinario).

Aceptamos su comparecencia como indigente según solicitada. Luego de revisado el recurso, procede desestimarlo por falta de jurisdicción al haberse presentado de manera tardía.

# I.

El 22 de diciembre de 2025 se presentó un Informe Disciplinario de querella contra Juan Verdejo Rivera. En esta, se le imputó a Verdejo Rivera cometer los actos prohibidos de posesión de sustancias controladas (código 129) y estar bajo los efectos de alcohol o cualquier tipo de bebida embriagante, sustancias controladas o medicamentos (código 139), según codificados en la Regla 15 del *Reglamento para establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento número 9221 del 8 de octubre de 2020 (Reglamento Disciplinario).

El 12 de febrero de 2026 se celebró la vista disciplinaria, a la cual compareció el querellado, quien también declaró. Tras ello, el 19 de febrero de 2026, la Oficial Examinadora emitió una *Resolución* en la cual encontró a Verdejo Rivera incurso en cometer acto prohibido del Código 139. La Resolución contenía la siguiente advertencia respecto a los términos para solicitar reconsideración y revisión judicial:

> El Oficial Examinador: Advierte al Confinado que de no estar de acuerdo con la determinación del Oficial Examinador de Vistas Disciplinarias: La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.** Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación

de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envió por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envió por medio electrónico, según corresponda. (Énfasis nuestro)

Insatisfecho, con la decisión, el **9 de marzo de 2026**, el señor Verdejo Rivera solicitó reconsideración. Al no recibir respuesta, el **8 de junio de 2026**, Verdejo Rivera acudió a este foro de revisión. En su recurso planteó los siguientes señalamientos de error:

Primero: Erró el D.C.R. al no emitir la respuesta de la solicitud de reconsideración.

Segundo: Erró el evaluador de las vistas disciplinarias al no desestimar el informe disciplinario núm. 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 debido a que este fue notificado fuera del término que dispone el reglamento disciplinario Núm. 9221 en la Regla 6 (B-4).

Examinado el expediente, optamos por prescindir de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re*: Reglamento del Tribunal de Apelaciones, 2025 TSPR 42, 215 DPR _____, para lograr el más eficiente despacho.

## II.

### A.

En nuestro ordenamiento jurídico, existe un conjunto de normas que rige la práctica apelativa puertorriqueña. <u>Freire Ruiz et al. v. Morales, Hernández</u>, 2024 TSPR 129, 215 DPR ___ (2024).

En particular, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, artículo 4.006 establece la jurisdicción de este foro intermedio apelativo…(c). Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. […] 4 LPRA 24y.

A tenor con lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* establece lo siguiente:

> **El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración,** a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. (Énfasis nuestro).

De otra parte, La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.* (LPAU) preceptúa que la parte adversamente afectada por una orden o resolución final de una agencia puede instar un recurso de revisión judicial, siempre y cuando haya agotado todos los remedios provistos por

el organismo administrativo correspondiente. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Simpson, Passalacqua v. Quirós, Betances, 214 DPR 370, 378 (2024). La aludida Sección 4.2 de la LPAU especifica que:

> [u]na parte adversamente afectada por una orden o jurisdicción final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […] 3 LPRA sec. 9672, Sec. 4.2.

Respecto a la solicitud de reconsideración, la Sección 3.15, LPAU, *supra*, sec. 9655, dispone que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso**. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. […] (Énfasis nuestro).

De manera similar, el Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,

Reglamento Número 9221 de 8 de octubre de 2020, se pronunció en cuanto a la revisión judicial de las determinaciones correctivas. A esos efectos, la Regla 36 del Reglamento pormenoriza que la parte adversamente afectada por una resolución podrá realizar lo siguiente:

> 1. Dentro del término de veinte (20) días desde la fecha de la notificación de la resolución, presentar una moción de reconsideración de la resolución.
>
> 2. El Departamento de Corrección y Rehabilitación dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla.
>
> 3. Si la rechazare de plano **o no actuare dentro de los quince (15) días**, **el término para solicitar revisión comenzará a correr nuevamente desde que se notifique la denegatoria o desde que expiren esos quince (15) días, según sea el caso**. [……..]
>
> Una parte adversamente afectada por la resolución final de la agencia y que haya agotado todos los remedios provistos por el DCR podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha de la notificación de la resolución final o a partir de la fecha aplicable de las dispuestas en la sección 3.15 de la Ley 38-2017, según enmendada 3 LPRA sec. 2165, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. (énfasis nuestro).

Cónsono a lo anterior, el Tribunal Supremo manifestó que el Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 104 (2013). En esencia, esto implica que aun cuando haya derecho a apelar, las reglas en cuanto al perfeccionamiento de los recursos apelativos deben cumplirse rigurosamente y, claro está, su cumplimiento no puede estar al arbitrio de las partes o sus abogados. Freire Ruiz et al. v. Morales, Hernández, *supra*; Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, págs. 104-105.

**B.**

Se ha indicado, que entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones, lo que incide en la jurisdicción del tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*, pág. 105. La jurisdicción es el poder o la autoridad que ostenta un tribunal para atender y adjudicar los casos o las controversias ante su consideración. Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group, 2026 TSPR 47, pág. 4, 217 DPR ___ (2026); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). Es norma asentada que los asuntos relacionados con esta deben atenderse de forma preferente. Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group, *supra*; R&B Power, Inc. v. Junta de Subastas ASG, 213 DPR 685, 698 (2024); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018).

Según expresado con anterioridad, una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío. Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group, *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 107 (2015). Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group, *supra*; Pueblo v. Ríos Nieves, 209 DPR 264, 274 (2022). Ello es así porque los términos jurisdiccionales son fatales, improrrogables e insubsanables. Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group, *supra;* Reliable Financial v. ELA, 197 DPR 289, 310 (2017). De manera que, "cuando nos enfrentamos al desempeño tardío de una

exigencia de naturaleza jurisdiccional, no le queda otra opción al tribunal que no sea la desestimación del recurso". Íd. Ello pues, la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal. Pérez Soto v. Cantera Pérez, Inc. et al., *supra*.

A la luz de la mencionada normativa disponemos.

**III.**

Los hechos procesales que informa esta causa y los documentos que obran en el expediente, verifican que la Oficial Examinadora de Vistas Disciplinarias del Departamento de Corrección y Rehabilitación, emitió la Resolución impugnada el **19 de febrero de 2026**.

En desacuerdo, el señor Verdejo Rivera solicitó Reconsideración el **9 de marzo de 2026.** A partir de esa fecha, el Departamento de Corrección disponía de quince (15) días para considerar la petición de reconsideración. Este término venció el **24 de marzo de 2026**. Si no actuaba sobre esta dentro de los quince (15) días, la solicitud se entendía rechazada y el término de treinta (30) días jurisdiccionales, para solicitar revisión comenzaba a transcurrir nuevamente desde la expiración de esos quince (15) días, según dispuesto en la Sección 3.15 de la LPAU y en la Regla 36 del Reglamento 9221.

En el recurso ante nuestra consideración, el señor Verdejo Rivera manifestó que el Departamento de Corrección no emitió una respuesta a la solicitud de reconsideración. Los documentos que acompañan el recurso, tampoco incluyen respuesta alguna relacionada a la solicitud de reconsideración. Por tanto, razonablemente podemos concluir que el Departamento de

Corrección no actuó sobre la solicitud de reconsideración dentro del término de quince (15) días. Por consiguiente, la solicitud se entendió rechazada el **24 de marzo de 2026**. A partir de esta fecha, el señor Verdejo Rivera disponía de un término jurisdiccional de treinta días (30) días, hasta el **23 de abril de 2026**, para presentar el recurso en nuestro foro. Véase Regla 57 Reglamento del Tribunal de Apelaciones, *supra* y Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme y la Regla 36 del Reglamento 9221, *supra*.

El recurso ante nuestra consideración tiene fecha del 8 de junio de 2026, por lo que, el reclamo de Verdejo Rivera a este foro de revisión, resulta tardío. Ello, al ser presentado luego del término jurisdiccional de treinta (30) días, de ser rechazada la solicitud de reconsideración. Al ser tardío, nos priva de jurisdicción para atenderlo.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso por falta de jurisdicción por presentarse luego del término jurisdiccional.

Instruimos al Secretario del Departamento de Corrección y Rehabilitación a entregar copia de esta Sentencia al recurrente, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones